FILED
United States Court of Appeals
Tenth Circuit

April 8, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE ALATORRE-GUEVARA,

    Defendant-Appellant.

No. 08-8044
(D.C. No. 2:07-CR-00007-WFD-3)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **SEYMOUR**, and **LUCERO**, Circuit Judges.

Jose Alatorre-Guevara was convicted on one count of conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A)(viii). On appeal, he challenges his criminal conviction and resulting sentence. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

# I

Alatorre-Guevara was charged in a four-count indictment, which also charged Pablo Corrales-Cardenas, Lorenzo Alatorre-Guevara ("Lorenzo"), and a fourth defendant with involvement in a methamphetamine distribution scheme. All except Alatorre-Guevara pled guilty pursuant to plea agreements with the government.

Shortly before trial, the government learned that Paul Ontiveros, a local methamphetamine dealer, had information relevant to Alatorre-Guevara's case. Defense counsel was notified of Ontiveros' status as a potential witness on May 2, 2007, and was provided with a proffer of his anticipated testimony on the first day of trial, May 7, 2007. Over defense counsel's objection, Ontiveros was allowed to testify.[1]

At the close of evidence, the district court held a James hearing. See generally United States v. James, 590 F.2d 575, 579-80 (5th Cir. 1979) (judge determines if co-conspirator statements are admissible), abrogated in part by Bourjaily v. United States, 483 U.S. 171, 175-76 (1987) (factual determinations regarding admissibility of co-conspirator statements are made using a preponderance of the evidence standard). It determined that certain out-of-court statements, which would otherwise be barred as hearsay, constituted co-conspirator statements and were therefore admissible pursuant to Federal Rule of Evidence 801(d)(2)(E). The jury ultimately convicted Alatorre-Guevara.

---

[1] Defense counsel also filed a motion in limine objecting to Ontiveros' testimony. That motion was denied.

Alatorre-Guevara subsequently filed a motion for a new trial, arguing that the district court improperly permitted Ontiveros to testify. That motion was denied and Alatorre-Guevara was sentenced to 151 months' imprisonment. Alatorre-Guevara timely appealed.

## II

Alatorre-Guevara's first argument is that the district court improperly admitted co-conspirator statements. Because Alatorre-Guevara did not object to the admission of these statements, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Hill, 60 F.3d 672, 675 (10th Cir. 1995) (applying plain error review when defendant did not contemporaneously object to testimony when it was offered at trial). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (quotation omitted).

Co-conspirator statements do not constitute hearsay under Rule 801(d)(2)(E) and may properly be admitted if a court determines that: "(1) a conspiracy existed; (2) the declarant and the defendant were members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy." United States v. Lopez-Gutierrez, 83 F.3d 1235, 1242 (10th Cir. 1996).

Our review of the record reveals that the district court did not commit plain error by admitting the statements of Alatorre-Guevara's alleged co-conspirators. All three co-

conspirators pled guilty to conspiracy to distribute methamphetamine prior to Alatorre-Guevara's trial, and two declared under oath that Alatorre-Guevara was part of this conspiracy.[2] A confidential informant also linked Alatorre-Guevara to the distribution scheme and testified that Alatorre-Guevara had admitted to delivering drugs to Shoshoni, Wyoming. All the statements made by the alleged co-conspirators were made in the course of and in furtherance of the conspiracy. Accordingly, the district court's determination that the statements at issue satisfied the three requirements of Rule 801(d)(2)(E) was proper.

### III

Alatorre-Guevara also argues that the district court violated the Jencks Act by failing to strike Ontiveros' testimony. Under the Jencks Act, after a government witness has testified on direct examination against a criminal defendant, the government must disclose statements of that witness in its possession that relate to the subject matter of the witness's testimony. 18 U.S.C. § 3500(b). If the United States refuses to produce such statements, the court must strike the witness's testimony. § 3500(d).

During trial, the prosecution learned that Ontiveros had previously made a proffer in an unrelated conspiracy. Ontiveros had also been the subject of twenty-one tape recorded telephone calls. Alatorre-Guevara alleges that "[t]he government's failure to

---

[2] Corrales-Cardenas testified against Alatorre-Guevara at trial. At his plea hearing, Lorenzo admitted that his brother was a co-conspirator in the distribution scheme. He later recanted that statement during Alatorre-Guevara's trial.

provide the twenty-one wiretaps and the second set of agent's [sic] notes amounted to its electing not to comply with the court's orders that it do so and with the Jencks Act itself."

We disagree. An agent's summary of an oral statement that the witness has not signed or adopted is not a statement as defined in the Jencks Act. § 3500(e); see also Palermo v. United States, 360 U.S. 343, 352-53 (1959); United States v. Marshall, 985 F.2d 901, 908 (7th Cir. 1993). Alatorre-Guevara does not allege that Ontiveros signed or adopted the agent's notes. In addition, Alatorre-Guevara is not mentioned in these notes or in the taped telephone calls. These materials pertained to a separate conspiracy and were not relevant to the case at hand.

**IV**

Alatorre-Guevara's final argument is that the district court erred in its sentencing determination. We review a district court's sentencing determination for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). A sentencing court abuses its discretion if it imposes a sentence that is procedurally or substantively unreasonable in light of the factors found in 18 U.S.C. § 3553(a). United States v. Geiner, 498 F.3d 1104, 1107 (10th Cir. 2007). Because Alatorre-Guevara does not allege procedural error, we determine his sentence's substantive reasonableness in reference to the totality of the circumstances. Gall, 552 U.S. at 51. This substantive review focuses on whether the trial court abused its discretion in determining that the § 3553(a) factors supported the sentence. Id. "If the sentence is within the [applicable Sentencing] Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." Id.

Alatorre-Guevara argues that the district court did not make adequate factual findings and failed to consider avoiding unwarranted sentencing disparities when it imposed his sentence. But the district court properly based Alatorre-Guevara's sentence on the quantity of methamphetamine seized from his co-conspirators. See United States v. Arias-Santos, 39 F.3d 1070, 1078 (10th Cir. 1994) (a defendant convicted of conspiracy to possess with intent to distribute is accountable for sentencing purposes for "that drug quantity which was within the scope of the agreement and reasonably foreseeable to [him]"). This quantity totaled over 1,800 grams. Further, Alatorre-Guevara received a sentence at the bottom of the applicable Guidelines range. Any sentencing disparities between Alatorre-Guevara and his co-defendants arose because his co-defendants accepted plea bargains, whereas Alatorre-Guevara refused to cooperate with the government, even after his conviction. Alatorre-Guevara's sentence was therefore reasonable.

V

For the reasons stated above, we **AFFIRM** Alatorre-Guevara's criminal conviction and resulting sentence.

Entered for the Court

Carlos F. Lucero
Circuit Judge